629 So.2d 120 (1993)
In re Inquiry Concerning a Judge, No. 92-419 re Jonathan T. COLBY.
No. 82244.
Supreme Court of Florida.
December 9, 1993.
Joseph J. Reiter, Chairman and Ford L. Thompson, Gen. Counsel, Florida Judicial Qualifications Com'n, Tallahassee, and Joseph P. Averill, Sp. Counsel, Miami, for petitioner.
Stuart Grossman, Miami, for respondent.
PER CURIAM.
We review the recommendation of the Judicial Qualifications Commission that Judge Jonathan T. Colby be disciplined for breaches of the Code of Judicial Conduct. We have jurisdiction. Art. V, § 12, Fla. Const.
On September 23, 1993, Judge Colby entered into the following stipulation regarding the incidents in question:
The Florida Judicial Qualifications Commission (the "Commission") and the Honorable Jonathan T. Colby hereby stipulate for the purpose of this inquiry:
1. That on February 19, 1992, Judge Jonathan T. Colby was serving as a County Judge of the County Court of Dade County, Traffic Division. During the calendar that day, several defendants failed to appear. In several of the cases where the defendant failed to appear, Judge Colby announced that a bench warrant for the arrest of the defendant who failed to appear was being issued; however, Judge Colby made .. . entries in the files that reflected that Judge Colby found the missing defendant guilty and sentenced him or her to credit for time served[;]
2. While a County Judge of the County Court of Dade County, Traffic Division, on select cases of Driving Under the Influence where a defendant failed to appear, Judge Colby closed the cases with a conviction of the defendant and estreature of the bond posted, thereby convicting the defendant of Driving Under the Influence without a plea or trial[;]
3. Judge Colby has demonstrated that he has otherwise rendered conscientious service to the public as a judicial officer during his tenure on the bench;
4. Judge Colby regrets and apologizes that these incidents occurred and recognizes that they lessen the public's confidence in the Judiciary;
5. Judge Colby will not contest the Recommendation of the Commission as set forth below, charging him with a violation of Canon 1, Canon 2 and Canon 3 of the Code of Judicial Conduct and will not contest charges that he violated those provisions of the Code of Judicial Conduct;
6. This Stipulation will constitute the only response in this cause by Judge Colby;
7. The Commission and Judge Colby waive oral argument.
Recommendation
After full and deliberate consideration of the charges set forth in the Notice, the Commission, by a vote of at least nine (9) members, finds that the conduct of Judge Colby violated the provisions of Canon 1, Canon 2 and Canon 3 of the Code of Judicial Conduct, and recommends to the Supreme Court of Florida that Judge Jonathan T. Colby be publicly reprimanded for his above-described conduct and his violation of Canon 1, Canon 2 and Canon 3 of the Code of Judicial Conduct.
*121 The stipulation was signed by the Commission's Chair and General Counsel on October 1, 1993, and forwarded to this Court. Accordingly, we adopt the stipulation in full as the opinion of this Court. Judge Jonathan T. Colby is hereby publicly reprimanded by publication of this opinion.
It is so ordered.
BARKETT, C.J., and OVERTON, McDONALD, SHAW, GRIMES, KOGAN and HARDING, JJ., concur.